UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT M. SCHULZ and
SANDRA K. SCHULZ,

       Plaintiffs,

                                  File No. 2:09-CV-51

v.

                                  HON. ROBERT HOLMES BELL

GERALD HACKMAN, et al.,

       Defendants.
                                  /

## **O P I N I O N**

       Plaintiffs Robert M. Schulz and Sandra K. Schulz's suit against Defendants Gerald Hackman, Ray Broadcasting, Inc., J & J Broadcasting, Inc., Jay Nix, and J. Stephen Walker was removed to this Court on February 27, 2009. (Dkt. No. 1.) On June 11, 2009, Defendants Hackman, Ray Broadcasting, J & J Broadcasting, and Nix filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). (Dkt. No. 6.) On May 24, 2012, these same defendants filed a motion to dismiss for lack of prosecution. (Dkt. No. 9.) On December 19, 2012, this Court dismissed Walker due to Plaintiffs' failure to effectuate service of process, and ordered Plaintiffs to show cause why this case should not be dismissed in its entirety for lack of prosecution. (Dkt. No. 12.) The Court will now dismiss this case.

       Federal Rule of Civil Procedure 41(b) provides:

> **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action

or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

There are four considerations this Court must take into account: "(1) whether the party's failure to cooperate is due to wilfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the (dismissed) party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998).

Plaintiffs have taken no action in this case since filing a petition in October 2009, seeking more time to serve Walker. (Dkt. No. 8.) Additionally, Plaintiffs have failed to respond to two motions to dismiss filed in this three-year time frame. Lastly, Plaintiffs failed to respond to this Court's order to show cause in writing why this case should not be dismissed for lack of prosecution. (Dkt. No. 12.) Consequently, the Court concludes that Plaintiffs' failure to prosecute is due to wilfulness, that this failure has prejudiced Defendants, that Plaintiffs were warned that failure to cooperate could lead to dismissal, and that the Court has considered less drastic sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss for lack of prosecution (Dkt. No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) (Dkt. No. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.


Dated: January 3, 2013                         /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE